IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

UNITED STATES OF AMERICA,

v.

EDMOND HUDMOND SMITH, IV,

Defendant.

CRIMINAL CASE NO.
1:09-CR-158-JTC-GGB-1

**O R D E R**

Pending before the Court are the Magistrate Judge's Second Report and Recommendation [#46], the Magistrate Judge's Supplement to the Report and Recommendation [#53], and Defendant's Objections [#55].  The Government moved to exclude evidence related to Defendant's mental health [#33].  In addition, Defendant moved to continue the trial because Defendant's counsel needs additional time to investigate a possible defense [#49].  After holding an evidentiary hearing, the Magistrate Judge recommends that the Court grant the Government's Motion in Limine [#33] and deny the Defendant's Motion to Continue the Trial [#49].

Because Defendant filed written objections to the Magistrate Judge's Report and Recommendation, the Court has conducted a de novo review of the portions of the Magistrate Judge's Report and Recommendation to which Defendant objected.  See 28 U.S.C. § 636(b)(1).  The Court has reviewed the

remainder of the Report and Recommendation for plain error.  After a review of the Report and Recommendation, Defendant's objections, and the record, the Court concludes that the Magistrate Judge's Report and Recommendation is correct in all material respects.

    I.     Analysis

        A.     **The Government's Motion in Limine**

The Government moved to exclude any evidence regarding the opinions of Thomas Bennett, PhD., a clinical psychologist who examined Defendant. The Defendant does not intend to present an insanity defense; rather, he proposes to use testimony from Dr. Bennett to negate the specific intent element of four of the five crimes charged in the indictment.

Counts One and Two charge that the Defendant threatened federal officials with the intent to retaliate against them, in violation of 18 U.S.C. § 115(a)(1)(B).  These offenses require proof of Defendant's specific intent to retaliate against federal officials on account of the performance of their official duties.

Counts Three and Four charge that the Defendant solicited others to murder officers or employees of the United States, in violation of 18 U.S.C. § 373(a).  These offenses require proof of Defendant's specific intent to have another person engage in conduct constituting a felony  that has as an

element the use, attempted use, or threatened use of physical force against the property or person of another.

Dr. Bennett's report is part of the record. The Magistrate Judge conducted an evidentiary hearing at which Dr. Bennett testified. Dr. Bennett's opinion is that Defendant has been afflicted by bipolar disorder "for quite some time," that it is "difficult to determine" the extent to which Defendant believes the statements he makes, and that Defendant "could have" planned and discussed actions which were never carried out. (Tr. 33-34, 36, 37.) Dr. Bennett opines that "Mr. Smith has a high probability of planning and discussing actions which were never carried out." (Id. at 37.)

The Magistrate Judge recommends excluding Dr. Bennett's testimony. After the evidentiary hearing, the Magistrate Judge found that Dr. Bennett's testimony would not support a legally acceptable theory of lack of mens rea because nothing in Dr. Bennett's testimony speaks to the Defendant's mens rea at the moment of the charged actions, as United States v. Cameron, 907 F.2d 1051, 1067 (11th Cir. 1990), requires. Instead, she found that Dr. Bennett's testimony could lead the jury to conclude that Defendant's mental condition excuses the Defendant's conduct, which Cameron does not permit. Id. at 1066.

Defendant contends that the introduction of its evidence is proper

3

under Cameron because Dr. Bennett's opinion is that Defendant's bi-polar disorder and personality disorder existed at the time of the alleged offenses. Upon careful consideration of the Magistrate Judge's Report and Recommendation, this Court concludes that the Magistrate Judge correctly excluded Dr. Bennett's testimony because Dr. Bennett's testimony does not focus on Defendant's state of mind at the time he committed the alleged acts.

In United States v. Cameron the Eleventh Circuit addressed the admissibility of psychiatric evidence and cautioned district courts to admit only psychiatric evidence which "focuses on the defendant's specific state of mind at the time of the charged offense." Cameron, 907 F.2d at 1067; United States v. Westcott, 83 F.3d 1354, 1358 (11th Cir. 1996).  Evidence of a Defendant's "psychiatric compulsion or inability or failure to engage in normal reflection" are inadmissible under Cameron. Cameron 907 F.2d at 1066. Cameron cautions district courts to "examine such psychiatric evidence carefully" to determine whether the evidence negates the Defendant's specific intent at the time of the crime because the evidence may distract the jury and "may easily slide into wider usage that opens up the jury to theories of defense more akin to justification." Id. at 1067.

Dr. Bennett's opinions do not focus on Defendant's state of mind at the time the offense was committed; rather, his opinions consist of vague

statements about symptoms of illnesses Dr. Bennett believes Defendant may have had when he committed the acts. Dr. Bennett testified that, "Mr. Smith has a high probability of planning and discussing actions which were never carried out." (Tr. 37.) This opinion does not, however, describe the Defendant's state of mind at the moment of the charged crimes. That the opinion is couched in terms of "a high probability" puts it at odds with the Cameron, which requires precise evidence focused on the Defendant's mind during the crime. Cameron, 907 F.2d at 1067. Cameron permits a jury to consider "evidence that aids the trier in determining the defendant's specific state of mind with regard to the actions she took at the time the charged offense was committed." Id. at 1063.

Dr. Bennett's opinions have little probative value concerning an element of the crime or a legal defense because they are so vague. Instead, Dr. Bennett's testimony is likely to encourage the jury to speculate that Defendant may have been incapable of forming the intent necessary for the crime charged. Thus, Dr. Bennett's testimony relates more to Defendant's "psychiatric compulsion or inability or *failure to engage in normal reflection*," all of which are excluded under Cameron. Id. at 1066 (emphasis added). Stripped of inadmissible psychiatric evidence, what remains of Dr. Bennett's testimony has little probative value and is "substantially outweighed by the

5

danger of ... confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

After <u>de novo</u> review, the Court findsthat the Magistrate Judge properly recommends granting the Government's motion in limine and excluding testimony regarding Defendant's mental health. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** the Government's motion in limine.

### B.  Defendant's Motion to Continue the Trial

The Magistrate Judge also recommends that the Court deny Defendant's motion to continue the trial. Defendant moved to continue the trial because Defendant had only recently indicated that he had received the wrong type of insulin at the Mobile County Metro Jail, which may have caused hypoglycemia, a state of involuntary intoxication. Defendant moved to continue the trial in order that his counsel could confirm or deny Defendant's claims regarding involuntary intoxication.

At the evidentiary hearing before the Magistrate Judge, Defendant's treating physician, Dr. Robert Revel, testified. Dr. Revel confirmed that Defendant requires administrations of insulin to regulate his blood sugar. Dr. Revel testified that a person whose blood sugar levels were lower than 70 would be hypoglycemic and a person whose levels were higher than 350 or

400 would be hyperglycemic. (Tr. 13.) Dr. Revel testified that a person with hypoglycemia can exhibit a degree of confusion and, if their level reaches 10 or lower, they can have seizures. (Id. at 19.) Dr. Revel testified that it would be "most uncommon" for a person whose blood sugar was higher than 70 or 75 to have any of these symptoms. (Id. at 20.) Finally, Dr. Revel testified that Defendant's blood sugar has remained between 75 and 342 for as long as Defendant has been under his care and that Defendant never reached a hypoglycemic state during the time period of the charged offenses. (Id. at 13, 23.)

     The Magistrate Judge found that Dr. Revel's testimony does not support the allegation that Defendant was hypoglycemic. Dr. Revel's testimony offered no basis for the Defendant's claim that he was involuntarily intoxicated at any time; therefore, the Magistrate Judge recommends that the Defendant's motion for a continuance be denied.

     Furthermore, subsequent events have made Defendant's motion moot. The Defendant was hospitalized with an infection which his doctor indicated would prevent him from participating in the trial scheduled for the week of December 7, 2009. The trial has been continued to January 4, 2010, which provides additional time to Defendant's counsel.

     Neither party has filed objections to this portion of the Magistrate

7

Judge's Supplement to the Report and Recommendation. Therefore, in accordance with 28 U.S.C. § 636(b)(1), the Court has reviewed the Magistrate Judge's Recommendation for clear error. The Court finds no clear error in this portion of the Magistrate Judge's Recommendation. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Defendant's motion for a continuance.

## II.     Conclusion

For the reasons stated above, the Court **OVERRULES** Defendant's Objections [# 55] and **ADOPTS** the Magistrate Judge's Second Report and Recommendation [# 46] and the Supplement to the Second Report and Recommendation. The Court **GRANTS** the Government's motion to exclude the testimony of Dr. Bennett [# 33] and **DENIES** the Defendant's motion to continue [# 49].

**SO ORDERED**, this   21    day of December, 2009.

_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE