**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**UNITED STATES OF AMERICA**

**vs.**                                                    **Case No. 1:09cr158-WS**
                                                           **Case No. 1:10cv703-WS/CAS**

**EDMOND HUDMOND SMITH, IV,**

           **Defendant.**

_____/


### REPORT AND RECOMMENDATION

Before the Court is a motion filed by Defendant Edmond Hudmond Smith IV,

proceeding pro se, seeking an extension of time in which to file a motion to vacate, set-

aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Doc. 133.  The matter was

referred to the undersigned United States Magistrate Judge for report and

recommendation pursuant to 28 U.S.C. § 636.  _See_ Doc. 126 (Order of Referral).  As

explained below, the motion for extension of time should be denied for lack of

jurisdiction.

Defendant previously filed, on September 4, 2012, a motion seeking an

extension of time to file a § 2255 motion.  Doc. 130.  By order entered September 27,

2012, this Court denied the motion.  Doc. 131.  In that order, the Court indicated that

the Eleventh Circuit Court of Appeals had affirmed Defendant's judgment and sentence on October 19, 2011.  *Id.*; *see* Docs. 127 and 128.  Accordingly, the Court informed Defendant that he had until January 17, 2013, to file a § 2255 motion.  Doc. 131; *see* 28 U.S.C. § 2255(f); Clay v. United States, 537 U.S. 522 (2003); Sup. Ct. R. 13.

By motion dated January 17, 2013, Defendant again requests an extension of time to file his § 2255 motion.  Doc. 133.  This Court lacks jurisdiction to rule on such a motion, however, because Defendant has not filed a § 2255 motion.  *See, e.g.*, Green v. United States, 260 F.3d 78 (2d Cir. 2001); United States v. Leon, 203 F.3d 162 (2d Cir. 2000) (collecting cases); Ramirez v. United States, 461 F. Supp. 2d 439 (E.D. Va. 2006); United States v. Aguilar-Ramirez, No. CR609-047, 2012 WL 5426201 (S.D. Ga. July 30, 2012).  *See also, e.g.*, United States v. Hernandez, 431 F. App'x 813 (11th Cir. 2011) (affirming district court's order denying motion to compel and to equitably toll one-year limitation period for filing § 2255 motion, citing Leon, and stating: "By determining that it would likewise be premature to consider the merits of Hernandez's motion to equitably toll the one-year limitation period, the court correctly found that such a request would not be ripe for consideration until Hernandez filed a habeas action."); United States v. Perry, Nos. 3:08cr79/MCR, 3:12cr71/MCR/EMT, 2012 WL 3290000 (N.D. Fla. May 14, 2012) (report and recommendation to dismiss § 2255 motion as untimely, noting that court had denied motion for extension of time to file § 2255 motion because "it lacks jurisdiction to consider the timeliness of a § 2255 petition until one is actually filed"); United States v. Stewart, Nos. 3:03cr144/LAC, 3:05cv247/LAC/MD, 2005 WL 5993333 (N.D. Fla. Oct. 19, 2005) (order adopting report and recommendation to

dismiss § 2255 motion as untimely, which noted court had previously denied motion for

extension of time to file § 2255 motion).

     For example, in Ramirez, a federal district court addressed a motion filed by a

pro se defendant seeking to extend the time for filing a § 2255 motion:

> It appears there is no subject matter jurisdiction to consider movant's motion. While the Fourth Circuit has not yet considered the issue, every court to have done so has concluded that federal courts lack jurisdiction to consider the timeliness of a § 2255 petition until the petition itself is filed because a motion for extension of time is not, by itself, a 'case or controversy' within the meaning of Article III of the United States Constitution. *See* U.S. v. Leon, 203 F.3d 162 (2d Cir. 2000); U.S. v. McFarland, 125 Fed. Appx. 573 (5th Cir. 2005); U.S. v. Moore, 56 Fed. Appx. 686 (6th Cir. 2003); In re Application of Wattanasiri, 982 F. Supp. 955 (S.D.N.Y. 1997); Paschal v. U.S., 2003 WL 21000361 (N.D. Ill. 2003); U.S. v. Backhoff, 2006 WL 2382176 (N.D. Fla. 2006). Instead, for a court to have jurisdiction over such a motion, it must be either (i) . . . filed concurrently with or after a § 2255 petition or (ii) . . . construed as the § 2255 petition itself. As the Second Circuit noted, "where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief." Green v. U.S., 260 F.3d 78 (2d Cir. 2001). The analysis thus proceeds to whether recharacterizing the motion as a § 2255 motion is appropriate.

Ramirez, 461 F. Supp. 2d at 440-41 (emphasis added). The court there determined the

defendant's motion did not allege a cognizable claim for relief under § 2255 and must,

therefore, be dismissed for lack of subject matter jurisdiction. *Id.* at 441; *see, also, e.g.*,

Green, 260 F.2d at 81 (finding district court did not have jurisdiction to rule on

defendant's motion for extension of time absent filing of substantive section 2255

motion).

Here, Defendant's motion for extension of time does not allege a cognizable claim for relief under § 2255 and, thus, should not be considered as a § 2255 motion. Rather, in the motion for extension of time, Defendant simply states that he has not been able to prepare his § 2255 motion because he has been "segregated from [his] legal documentation, and approved 'Legal aids,' as well as the use of the 'LEGAL LIBRARY', and 'LEARNED LEGAL COUNCIL'." Doc. 133. Defendant attaches to his motion copies of an Administrative Detention Order, a criminal indictment, sections of the Alabama Criminal Code, and other documents. *See* Doc. 133 at 2-14. Defendant has not articulated any basis in fact or in law for relief under § 2255. *See* <u>Green</u>, 260 F.3d at 84.

Accordingly, it is respectfully **RECOMMENDED** that the motion for extension of time filed by EDMOND HUDMOND SMITH IV, Doc. 133, be **DENIED** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 28, 2013.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 1:09cr158-WS and 1:10cv703-WS/CAS